IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS HUNTINGFORD,

    Plaintiff,

vs.                                                                                 1:17-cv-01210-RB-LF

PHARMACY CORPORATION OF AMERICA
D/B/A PHARMERICA,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on defendant Pharmacy Corporation of America's Motion for Reconsideration, filed on November 7, 2018. Doc. 81. Plaintiff filed a response (Doc. 83), and defendant filed a Reply (Doc. 85). In its motion, defendant asks the Court to reconsider its award of attorney's fees and costs to plaintiff in connection with his Motion for Sanctions. Docs. 61, 78. Having considered the briefing, the Court finds the motion is not well-taken and will DENY it.

A motion to reconsider is warranted in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing." *Id.* And "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v.*

*General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

Defendant fails to show that reconsideration is merited. Defendant argues no change in controlling law, no new evidence, and no clear error. Defendant also fails to show that the Court has misapprehended the facts, any party's position, or the controlling law. Defendant's first argument for reconsideration—that plaintiff was required to file a motion to compel before filing a motion for sanctions—is without merit. Doc. 81 at 1–2. *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000) (finding that Federal Rule of Civil Procedure 37(d) "does not require the court, prior to imposing sanctions, to have issued an order compelling discovery").[1]

Defendant next alleges that reconsideration is merited because plaintiff failed to meet and confer before filing his motion for sanctions. Doc. 81 at 2–3. The Court declined to address this issue at the hearing on the motion for sanctions because defendant had not raised this issue in its response to the motion, and it therefore was not timely. *See* Doc. 64. For the same reason, the Court declines to address it in the context of this motion. *See Servants of the Paraclete*, 204 F.3d at 1012 (party should not be permitted to "advance[] new arguments, or supporting facts which were available at the time of the original motion").

---

[1] At the hearing, the Court awarded attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A). This portion of the rule governs an award of attorney's fees when a motion to compel is granted. Because plaintiff filed a motion for sanctions, the attorney's fees are more appropriately awarded under Federal Rule of Civil Procedure 37(d)(3). Both sections of the rule require the Court to award attorney's fees to the prevailing party unless the opposing party's position was "substantially justified" or "an award of expenses [is] unjust." FED. R. CIV. P. 37(a)(5)(A), (d)(3).

Finally, Rule 37 requires the Court to award fees and costs associated with a motion for sanctions. *See* FED. R. CIV. P. 37(d)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."); *see also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) ("Fed. R. Civ. P. 37 contains two separate provisions that allow, and often *require*, the district court to award attorney fees for discovery misconduct.") (emphasis added). The Court sees no reason to reconsider its award of costs and attorney's fees in this case.

Defendant Pharmacy Corporation of America's Motion for Reconsideration is DENIED. **IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge