# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROSS HUNTINGFORD,**

    Plaintiff,

v.                                                                                             **No: 1:17-cv-1210-RB-LF**

**PHARMACY CORPORATION OF AMERICA
d/b/a PHARMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Ross Huntingford and Defendant PharMerica are involved in a contractual dispute over the sale of Mr. Huntingford's pharmacy business. Mr. Huntingford believes he earned a deferred payment based on the business's gross profits following the sale. PharMerica argues that the profits fell far short of the threshold required for him to earn the deferred payment. On May 7, 2018, PharMerica moved for summary judgment. (Doc. 39.) On May 24, 2018, Mr. Huntingford filed a belated response in the form of a Request for Relief Under Rule 56(d). (Doc. 42.) Federal Rule of Civil Procedure 56(d) allows a court to defer or deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Mr. Huntingford urged the Court to "deny or, at the very least, not rule on PharMerica's Motion until complete discovery with respect to the 'key determination' of Actual Gross Profit has been conducted[.]" (Doc. 42 at 3.)

The Court did not explicitly rule on Mr. Huntingford's request for Rule 56(d) relief, but waited until after the discovery period had closed to rule on the summary judgment motion. "As Mr. Huntingford urged, the Court waited until after the close of discovery to rule on PharMerica's Motion for Summary Judgment. Mr. Huntingford has had ample opportunity to request, review,

and compel any additional evidence he believes is necessary to fully respond to the Motion." (Doc. 87 at 11.) The Court allowed Mr. Huntingford additional time to file a supplemental response incorporating any new evidence obtained during the discovery period. (*Id.* at 13.) The Court then denied as moot PharMerica's Motion to Strike Plaintiff's Reply in Support of Request for Rule 56(d) Relief (Doc. 49), based on the fact that the Court had deferred ruling until the discovery period had closed so the request for Rule 56(d) relief was no longer relevant. The Court thought it was clear that the request for Rule 56(d) relief, even if it could be considered a separate motion rather than an element of Mr. Huntingford's response to the motion for summary judgment,[1] was also moot. To ensure that this is absolutely clear, however, the Court will explicitly deny Mr. Huntingford's request for Rule 56(d) relief.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Request for Relief Under Rule 56(d) (Doc. 42) is **DENIED as moot**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] In denying as moot PharMerica's motion to strike Mr. Huntingford's reply, the Court did not rule explicitly on whether the request for Rule 56(d) relief had been a separate motion or a response, but noted the confusion resulting from the briefings. (*See* Doc. 87 at 8 (calling PharMerica's argument on this point "perplexing, as it was PharMerica that first suggested the Rule 56(d) request should be treated like a separate pleading by titling its June 6 filing: 'PharMerica's (1) Response to Plaintiff's Request for Rule 56(d) Relief and (2) Reply in Support of Motion for Summary Judgment'") (quoting Doc. 44 at 1).)