# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROSS HUNTINGFORD,**

    Plaintiff,

v.                                                                                    No: 1:17-cv-1210-RB-LF

**PHARMACY CORPORATION OF AMERICA
d/b/a PHARMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court takes up this matter—a contractual dispute over whether Plaintiff Ross Huntingford is entitled to a $1,250,000 deferred payment—to determine whether Defendant PharMerica has "waived a waiver" in the contract. The parties clearly and intentionally waived, "TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW," the right to a jury trial in any disputes arising under the contract. (*See* Doc. 1-1 at 47.) Yet, when Mr. Huntingford filed suit in state court, he requested a jury trial. Over a year later, PharMerica moved to strike the jury demand. Now, Mr. Huntingford urges the Court to deny PharMerica's Motion to Strike Jury Demand (Doc. 120) because PharMerica's conduct suggests that it was consenting to try the case by jury and thus waived the contractual jury trial waiver. Having considered the motion, the parties' briefing on the issue, and the applicable law, the Court finds that the waiver is valid and enforceable and will **grant** PharMerica's motion.

**I.     Background**[1]

In 2013, the parties entered into an Asset Purchase Agreement (APA) for PharMerica to purchase Mr. Huntingford's pharmacy business, which provides pharmaceutical products,

---

[1] The Court recites only that factual and procedural background necessary to resolve this motion.

supplies, and consultation services to long-term care facilities in New Mexico. (Doc. 1-1 at 15.) The APA includes a deferred payment clause, which provides that if the gross profit of the business meets a certain target threshold at the two-year anniversary of the closing date, then PharMerica must make an additional "deferred payment" to Mr. Huntingford. (*Id.* at 17.) After the two-year anniversary, PharMerica provided Mr. Huntingford with spreadsheets showing that he fell short of the threshold and was not entitled to the deferred payment. (*See* Doc. 39-1 at 14–19.) Mr. Huntingford does not trust PharMerica's calculations and alleges that he is entitled to the deferred payment. (*See* Doc. 1-1 at 6.) Two claims remain in the case: (1) that PharMerica breached the contract by failing to pay Mr. Huntingford the deferred payment or provide a detailed statement of profits; and (2) that PharMerica breached its implied duty of good faith and fair dealing by managing the purchased accounts so poorly that Mr. Huntingford could not earn the deferred payment. (*See* Doc. 106 at 21.)

> Section 8.13 of the APA includes the following language:
>
> <u>Jurisdiction: Waiver of Jury Trial</u>. The Parties hereby agree that any dispute or controversy arising out of or related to this Agreement or the transactions contemplated hereby shall be conducted only in the state and federal courts located in New Castle County, Delaware. Each Party hereby irrevocably consents and submits to the exclusive personal jurisdiction of and venue in the federal and state courts located in the State of Delaware. EACH PARTY HEREBY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY TRANSACTION CONTEMPLATED HEREBY. . . .

(Doc. 1-1 at 47.) Mr. Huntingford's original complaint, filed in the New Mexico Second Judicial District Court on November 7, 2017, was accompanied by a demand for jury trial. (*See* Docs. 113 at 1; 113-1.) When PharMerica removed the action in December 2017, its civil cover sheet acknowledged Mr. Huntingford's jury demand. (Doc. 2 at 1.) In the parties' Joint Status Report

and Provisional Discovery Plan filed on January 22, 2018, the box next to "[t]his is a jury case" is checked. (Doc. 13 at 4.) On February 6, 2018, the Court set the current dates for jury selection and jury trial. (Doc. 25.) As Mr. Huntingford notes, "[o]n July 17, 2018, Pharmerica filed its Answer to Huntingford's Complaint . . . and once again made no mention of disputing Huntingford's jury demand." (Doc. 113 at 2 (citing Doc. 53).)

Almost a year after Mr. Huntingford filed his complaint, the parties filed their first proposed pretrial order on October 30, 2018. (Doc. 79.) In that document, under the header "Submissions for Bench Trials," PharMerica asserted for the first time that Mr. Huntingford had waived his right to a jury trial in Section 8.13 of the APA. (*See id.* at 22.) PharMerica argued that Mr. Huntingford "has suffered no prejudice because he knew years ago that he waived a right to a jury trial and has not changed his course of conduct in the litigation based on an unfounded belief that he was entitled to try his case in front of a jury." (*Id.* at 23.) In the same section of the proposed pretrial order, Mr. Huntingford countered that PharMerica "has consented to a jury trial throughout the course of this litigation, and should not be permitted to raise this untimely objection to Plaintiff's jury demand." (*Id.* at 22.)

In its subsequent briefing on this issue, PharMerica asserts that because the remaining claims in the case are based on "a valid and enforceable contract and that contract includes a jury trial waiver[,]" the waiver in Section 8.13 of the APA should control and the Court should conduct a bench trial rather than a jury trial. (Doc. 116 at 1.) According to PharMerica, some of the prior claims at issue—unjust enrichment and quantum meruit—were based on the *lack* of a valid and enforceable contract, and thus potentially subject to a jury trial and not bound by the waiver in the APA. (*Id.*) Now that the Court has dismissed the quantum meruit and unjust enrichment claims

3

and affirmed the validity of the APA, PharMerica argues, only disputes rooted in the APA remain and the contract clearly waives a right to jury trial in such disputes. (*See* Docs. 87 at 9; 116 at 17.)

Mr. Huntingford, for his part, asserts that PharMerica waived its right to enforce the waiver by failing to object to his jury demand until the October 2018 pretrial order and failing to file a formal motion to strike the jury demand.[2] (Doc. 113 at 2.) He argues that PharMerica acknowledged the demand for jury trial but never sought to strike it, and that "Pharmerica's conduct throughout this case evinced its consent to trying this case to a jury and its belated objection to doing so should be denied." (*Id.*)

On the same day it submitted its response to Mr. Huntingford's briefing on the jury trial issue, PharMerica filed its formal Motion to Strike Jury Demand (Doc. 120). The motion incorporates many of the legal arguments and citations that PharMerica already laid out in its briefing on the jury trial issue, arguing in large part that the contractual jury trial waiver is valid and should be enforced now that only contractual claims remain at issue in the case. (*See* Docs. 116; 119; 120.) PharMerica further argues that Mr. Huntingford will not be prejudiced by a bench trial and that a bench trial will conserve the Court's and the parties' resources. (Doc. 120 at 3.)

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 38, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). However, this right may be waived, and the Court may determine whether such a right exists for each issue to be tried. *See* Fed. R. Civ. P. 39(a) ("When a jury trial has been demanded under Rule 38, . . . trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no

---

[2] PharMerica has now filed a formal motion to strike the jury demand (Doc. 120), but it had not done so when Mr. Huntingford timely filed his brief and response brief on the jury trial issue. (*See* Docs. 109; 113; 118.)

federal right to a jury trial."). The failure to properly demand a jury is one way a party can waive its right to a jury trial. *See* Fed. R. Civ. P. 38(d) ("[a] party waives a jury trial unless its demand is properly served and filed"). Delaware law, which governs contractual disputes arising under the APA, also allows parties to waive their jury trial right by contract. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 911–12 (Del. 1989) ("The Delaware Constitution preserves the right to trial by jury as it existed at common law. . . . That right is not absolute but subject to waiver if the parties so intend.") (citations omitted).

Here, the parties do not dispute whether the APA's contractual waiver of the jury trial right is valid, but whether PharMerica's actions in this case may have waived the otherwise valid contractual waiver. Under Delaware law, contractual provisions may be waived by the parties' conduct. *See AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005) ("It is well settled in Delaware that contractual requirements or conditions may be waived" (citing *Pepsi–Cola Bottling Co. v. Pepsico, Inc.*, 297 A.2d 28, 33 (Del. 1972))). The standard for proving waiver of contractual provisions is, however, "quite exacting." *Id.* (citing *Am. Family Mortg. Corp. v. Acierno*, 640 A.2d 655 (Del. 1994)). "'Waiver is the voluntary and intentional relinquishment of a known right.' It implies knowledge of all material facts and an intent to waive, together with a willingness to refrain from enforcing those contractual rights. The facts relied upon to prove waiver must be unequivocal." *Id.* (quoting *Realty Growth Inv'rs v. Council of Unit Owners*, 453 A.2d 450, 456 (Del. 1982) (citing 28 Am. Jur. 2d, Estoppel and Waiver, § 158 (1966); *George v. Frank A. Robino, Inc.*, 334 A.2d 223, 224 (Del. 1975)); subsequent citations omitted).

The Court has considerable discretion in determining when to entertain motions to strike a jury demand and when such motions should be granted. "Under all the decisions where the right to demand a jury has been waived, the trial court is vested with a broad degree of discretion in

determining whether a jury trial shall nonetheless be granted." *Hazelrigg v. Am. Fid. & Cas. Co.*, 241 F.2d 871, 873 (10th Cir. 1957). "Since 'a court has the power to act sua sponte at any time' under Rule 39, 'it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.'" *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226–27 (3d Cir. 2007) (citing Moore's Federal Practice 3d ¶ 8–39.13).

**III.   Analysis**

**A. Section 8.13 of the APA is a valid contractual waiver of the right to a jury trial.**

In its January 2, 2019 Memorandum Opinion and Order, the Court dismissed Mr. Huntingford's equitable claims of quantum meruit and unjust enrichment "[b]ecause there appears to be no dispute as to whether or not the APA is a valid contract." (Doc. 87 at 9.) Still, PharMerica devotes much of its briefing on the jury trial issue to arguing that the waiver is clear, unequivocal, and valid. (*See* Doc. 116 at 2–3.) Pointing to the use of capital letters and clear language in Section 8.13, PharMerica notes that it was included in the APA after numerous drafts, and that "[t]he APA waiver is clear and unequivocal and therefore the parties' intent in drafting the waiver should be honored." (*Id.* at 3.) PharMerica cites both Delaware and New Mexico cases to support its argument that the jury waiver in the APA is a valid contractual provision and should thus be upheld. (*Id.* at 3–5.)

Yet while the majority of PharMerica's briefing focuses on the validity of the contractual waiver contained in Section 8.13 of the APA, Mr. Huntingford does not actually contest the waiver's validity. Rather, he argues that PharMerica *waived* the waiver by explicitly and implicitly acquiescing to the jury demand for nearly a year and waiting until one month before the scheduled jury trial to move to strike the demand. (*See* Doc. 113 at 2–4.) Thus, the Court finds as a threshold matter that the waiver appears to be knowingly and intentionally agreed upon by both parties, as

6

evidenced by the conspicuous use of capitalization and clear language in the contract and Mr. Huntingford's lack of argument to the contrary. The Court therefore finds that Section 8.13 is a valid waiver of the right to jury trial that both parties agreed to when they negotiated and signed the APA in 2013.

> **B. Mr. Huntingford has not demonstrated any prejudice that would result from ordering a bench trial at this stage, and PharMerica's actions do not amount to an unequivocal waiver of Section 8.13.**

To resolve this issue, then, the Court must determine whether PharMerica waived the otherwise valid contractual waiver in Section 8.13 by waiting over a year to file its motion to strike the jury demand and filing that motion just one month before trial. PharMerica strongly asserts that "there was no waiver of the waiver" because "[c]ourts have determined that parties have a great deal of latitude on the timing of motions to strike a jury demand." (Doc. 116 at 2 (citation and quotation marks omitted).) Mr. Huntingford maintains that "[i]n addition to waiving the jury trial waiver provision of the [APA] through its conduct, Pharmerica has also unreasonably delayed in objecting to Huntingford's timely jury demand." (Doc. 118 at 2.)

Both parties cite examples of nonbinding case law where courts have either granted or denied similar motions based on the length of delay and prejudice to the nonmoving party. PharMerica cites *United States v. Schoenborn* for the proposition that a court may consider and grant a motion to strike a jury demand even one day before trial if it determines that there is no right to a jury. (*See* Doc. 116 at 2 (citing *Schoenborn,* 860 F.2d 1448 (8th Cir. 1988)).) In that case, the government moved to strike the jury demand one week before trial, arguing that there was no right to a jury in the case because, among other reasons, the underlying claims lacked statutory or constitutional grounds for a jury trial. *Schoenborn,* 860 F.2d at 1455. Though the motion was filed only a week before trial and the judge granted the motion only one day before the trial was set to

7

begin, the Eighth Circuit found that the trial court did not abuse its discretion because courts may sua sponte determine that there is no right to a jury trial. (*Id.*)

Mr. Huntingford cites several examples in which federal courts have declined to enforce contractual jury waivers when the party seeking to enforce the waiver waited too long to move to strike the demand. (*See* Doc. 113 at 2–3.) In *Burton v. General Motors Corp.*, No. 1:95CV1054DFH-TAB, 2008 WL 3853329, at *8 (S.D. Ind. Aug. 15, 2008), the court held that "timing and the prejudice to plaintiffs and the court are reason enough to deny the motion to strike the jury demand." In that case, General Motors's last-minute motion to strike the jury demand came two days before trial, the parties had already filed proposed jury instructions, and the court had spent a considerable amount of time preparing for trial and compiling juror notebooks. *Id.* The parties had also undergone twelve years of negotiations without objection to the jury demand. *Id.*

Similarly, in *Macquarie Bank Ltd. v. Knickel*, No. 4:08-CV-048, 2012 WL 12937027, at *1 (D.N.D. Oct. 10, 2012), the court denied a motion to strike a jury demand filed one month before trial. The Court reasoned that:

> (1) there is a reasonable presumption against the waiver of a jury trial; (2) there is no reasonable justification for the delay in asserting a waiver of the right to a jury trial; and (3) [plaintiff] has acted in a manner wholly inconsistent with the enforcement of the jury waiver provisions at issue.

*Id.* However, the trial was subsequently continued until a later date, so the Court reconsidered its decision and granted the motion to strike the jury demand because the increased time to prepare for a bench trial reduced the prejudicial effect of the initially untimely motion. *See LexMac Energy, L.P. v. Macquarie Bank Ltd.*, No. 4:08-CV-048, 2012 WL 5462658, at *1 (D.N.D. Nov. 8, 2012), *aff'd sub nom. Macquarie Bank Ltd. v. Knickel*, 793 F.3d 926 (8th Cir. 2015). The court explained that "[a] significant factor in [its] decision to deny [plaintiff's] motion to strike the jury demand was the timeliness of the motion." *Id.* But, "with the next available trial date months away,

this concern [had] been significantly abated." *Id.* Further, the court found that the contractual waiver was clearly valid and had been entered into voluntarily. *Id.* at *2.

Finally, in *RDO Financial Services Co. v. Powell*, 191 F. Supp. 2d 811, 814 (N.D. Tex. 2002), the court found that the plaintiff's "conduct relinquished its right to enforce the jury waiver" when the plaintiff waited six months to move to strike the jury demand in state court. In that case, the plaintiff had previously stipulated to a jury trial, moved six months later to quash the jury demand, and then voluntarily non-suited on the first day of the trial and refiled in federal court in an apparent second attempt to enforce the jury waiver. *Id.* The Court found that the plaintiff had offered "no justification for [its] delay in asserting its waiver position in state court" and "acted inconsistently with enforcement of the jury waiver provision in litigation." *Id.*

These cases, while not binding, offer guidance and demonstrate that different trial courts have focused their analyses of whether to grant motions to strike a jury demand on different factors. Some find the amount of time the moving party waited to object to the jury demand and how much time remains before trial to be determinative. *See e.g.*, *RDO*, 191 F. Supp. 2d at 814; *LexMac Energy*, 2012 WL 5462658, at *1. The court in *Macquarie Bank* indeed found that filing a motion to strike the jury demand one month before trial was an untimely delay, which is the time frame at issue here. *See* 2012 WL 12937027, at *1. That court also rested its initial decision denying the motion on the fact that the plaintiff's conduct had been inconsistent with the contractual jury waiver provision and the plaintiff had offered no reasonable explanation for the delay. *Id.*

Other courts, however, focus the analysis on whether the nonmoving party would be prejudiced by enforcing the wavier at a late stage, or if changing to a bench trial would waste judicial resources. *See, e.g.*, *Burton*, 2008 WL 3853329, at *8. *See also United States v. L.D.T. Corp.*, 302 F. Supp. 990, 991 (E.D. Pa. 1969) (granting a motion to strike jury demand, even

9

though the demand had been made five years earlier, because the nonmovant had not demonstrated prejudice and "[n]either in his brief nor on oral argument has counsel been able to demonstrate anything other than mere lapse of time").

Here, the Court has considerable discretion to take up the motion to strike no matter how long PharMerica waited to raise the issue, *see Hazelrigg*, 241 F.2d at 873; *Tracinda Corp.*, 502 F.3d at 226–27, and finds that Mr. Huntingford has not presented a compelling reason why Section 8.13 of the APA should not be enforced. It is true that, like the movants in *Macquarie Bank* and *RDO*, PharMerica has not offered a strong explanation for why it waited so long to object to Mr. Huntingford's jury demand.[3] *See Macquarie Bank*, 2012 WL 12937027, at *1; *RDO*, 191 F. Supp. at 814. Still, the Court is not bound solely by whether PharMerica has offered a good reason for its delay and may also consider whether striking the jury demand now, one month before trial, would be prejudicial or inefficient. Mr. Huntingford has not presented any argument as to why striking the jury demand one month before the scheduled trial would be prejudicial. PharMerica is correct that here, unlike the extensive preparation for jury trial that had already been completed prior to the motion to strike in *Burton*, "no such preparation of a jury trial has commenced, no jury instructions have been submitted, no juror notebooks have been assembled, and no jury has been paneled." (*See* Doc. 119 at 3 (citing 2008 WL 3853329 at *8).) In fact, a bench trial would likely conserve resources by obviating the need for such preparation in the coming month.

Furthermore, a valid contractual provision may be waived by a party's conduct, but under Delaware law that waiver must be made "unequivocally." *See AeroGlobal*, 871 A.2d at 444. Thus,

---

[3] The Court is not entirely persuaded by PharMerica's argument that it waited nearly a year to express its objection because its "initial agreement for trial by jury was on the basis of the currently dismissed claims of unjust enrichment and quantum meruit (which are based upon the non-existence of a valid an[d] enforceable contract)." (*See* Doc. 119 at 3.) The Court's Memorandum Opinion and Order ruling in PharMerica's favor on the unjust enrichment and quantum meruit claims was not filed until January 2, 2019—more than two months after PharMerica expressed its initial objection to the jury trial demand. (*See* Doc. 87.) Nevertheless, the Court will grant PharMerica's motion and need not belabor this point.

to have waived Section 8.13 of the APA, PharMerica's conduct must demonstrate that it "voluntar[ily] and intentional[ly] relinquish[ed] . . . a known right." *See id.* PharMerica certainly appears to have understood that Mr. Huntingford was demanding a jury trial. (*See e.g.*, Docs. 2 at 1 (civil cover sheet in which PharMerica acknowledged jury demand); 13 at 4 (joint status report confirming via check-box that the case would be tried by jury).) Still, it is not clear from the record that PharMerica's actions in acknowledging the jury demand early in the litigation process amounted to a clear and unequivocal waiver of Section 8.13 that meets the "exacting standard" for proving waiver of a valid contractual provision. *See AeroGlobal,* 871 A.2d at 444. The parties clearly agreed to Section 8.13 in the process of negotiating and signing the APA, and the only remaining claims in the case are contractual claims firmly rooted in the APA. Mr. Huntingford has alleged no specific examples of prejudice he would suffer from shifting the setting from a jury trial to a bench trial at this stage. The Court will thus honor the parties' intent in agreeing to waive "to the fullest extent permitted by applicable law, any right [they] may have to a trial by jury" (*see* Doc. 1-1 at 47) and grant PharMerica's motion to strike the jury demand.

**THEREFORE**,

**IT IS ORDERED** that PharMerica's Motion to Strike Jury Demand (Doc. 120) is **GRANTED**.

_____
**ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE**